UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA M MIRKA,<br><br>            Plaintiff,<br><br>      v.<br><br>CLALLAM COUNTY SHERIFF'S DEPT., BILL BENEDICT SHERIFF, KAYLENE ZELLART, CIVIL DEPUTY,<br><br>            Defendants. | CASE NO. C14-5173 RBL-JRC<br><br>ORDER TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff alleges that defendants have defamed him by issuing untrue statements in sex offender notifications that were released to the public (ECF No. 1, motion to proceed in forma pauperis and proposed complaint). To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3)

causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

Defamation is normally a state tort action and it is not usually a federal claim. *See Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 936 (9th Cir, 2013)(the court exercised pendent jurisdiction to consider a state defamation claim in a patent/trademark action where both federal and state claims were before the court). Plaintiff does not plead a denial of any constitutional or federal right with any specificity. Plaintiff states that he is seeking punitive damages for "the callous and reckless indifference to his federally protected rights" (ECF No. 1, proposed complaint p. 3 section V.), but does not specify what federally protected rights defendants have allegedly violated.

The Court orders plaintiff to show cause why this action should not be dismissed for failure to state a federal claim. Plaintiff may either respond to this order by April 11, 2014 or file an amended complaint that cures the defect and states a federal cause of action. Plaintiff's failure to take action on or before April 11, 2014 may result in the Court issuing a Report and Recommendation that this action be dismissed with the dismissal counting as a strike pursuant to 29 U.S.C. 1915(e)(2).

Dated this 4th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge