UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA M MIRKA, <br><br> Plaintiff, <br><br> v. <br><br> CLALLAM COUNTY SHERIFF'S DEPT, BILL BENEDICT, KAYLENE ZELLAR, <br><br> Defendants. | CASE NO. C14-5173 RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: <br> FEBRUARY 20, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is defendants' motion to dismiss for failure to perfect service. Defendants filed their motion pursuant to Fed. R. Civ. P. 12(b)(5). The Court recommends denying this motion because plaintiff is proceeding in forma pauperis and it is the Court's duty to serve the complaint.

FACTS

The Court's attempts to serve this action by mail were rejected by defendants, who filed a notice of appearance and were aware of the action, but did not accept service by mail (Dkt. 15). Defendants' actions necessitated plaintiff filing motions to have the United States Marshals

REPORT AND RECOMMENDATION - 1

personally serve his action and the Court ordering personal service (Dkt. 24). Defendants were ultimately charged the cost of service and paid those costs, but they move to dismiss the action because service did not occur within 120 days of the filing of the action (Dkt. 28).

DISCUSSION

Fed. R. Civ. P. 4(m) provides that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless plaintiff can show good cause why service was not made within that time.  Ignorance of the rules is not good cause. *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.1987).  Service on an address is meaningless if defendant does not receive the service.  The standard of review is abuse of discretion, which indicates that a court has discretion in deciding if dismissal is proper.  *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has stated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint.  *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does not warrant dismissal if "(a) the party that had to be served personally received actual notice, (b) defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

Plaintiff was granted in forma pauperis status and it was the Court's duty to serve the complaint.  *See* 28 U.S.C. §1915(d).  The Court gave defendants a chance to waive formal service and avoid the cost of that service (Dkt. 12).  Defendants did not accept the Court's

1  attempts to serve them by mail and they chose not to waive service.  However, the record reflects
2  that defendants entered a notice or appearance and they were aware of this action within 35 days
3  of the action being filed (Dkt. 15).  The Court ordered the Clerk's Office to attempt service by
4  mail and specifically warned defendants that "[a] defendant who fails to timely return the signed
5  waiver will be personally served with a summons and complaint, and may be required to pay the
6  full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure."
7  (Dkt. 12 p. 2).
8          Any delay in service in this case is the result of defendants' not accepting the attempt to
9  serve them by mail.  Accordingly, there is good cause to deny this motion. The Court
10 recommends denying defendants' motion to dismiss this action for failure to perfect service.
11 Further, the Court recommends ordering defendants to file an answer within fourteen days of an
12 order adopting this Report and Recommendation being entered. Fed. R. Civ P. 12(a)(4)(A).
13         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
14 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
15 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
16 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
17 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
18 February 20, 2015, as noted in the caption.
19         Dated this 22nd day of January, 2015.

20

21                                          _____
                                            J. Richard Creatura
22                                          United States Magistrate Judge

23

24